ANNA M. HURLEY, PLAINTIFF-RESPONDENT, v. JOSEPH P. McCLEARY AND JAMES J. HAGANS, DEFENDANTS-APPELLANTS.

Argued May 18, 1938—Decided September 16, 1938.

For the appellants, *Joseph Beck Tyler* and *Ernest Redfield.*

For the respondent, *Oscar B. Redrow.*

PER CURIAM.

This is an appeal from a summary judgment entered in favor of the plaintiff upon an order of the court striking out the defendant's answer and special defenses and amended answer.

The suit was to recover the amount alleged to be due as a deficiency after the foreclosure of a mortgage. The bond sued on was given as additional security for the payment of the mortgage.

The answer of the defendants admitted for the most part the allegations of the complaint, but set up several defenses. The plaintiff moved to strike the answer and these defenses as being sham and frivolous and supported her motion by affidavits.

The first defense was a general denial.

The second defense alleged that at the time of filing of the bill to foreclose the mortgage there were two tenants on the mortgaged premises who had rented from the defendants for an indefinite term, and that they were in possession at the time of the entry of the final decree, and at the time of the sale, and that they were not made parties to the foreclosure suit; and defendants argue that by reason thereof there can be no recovery for the deficiency.

The trial court, citing *American Italian Building and Loan Association* v. *Liotta*, 117 *N. J. L.* 467, which held that a tenant must be made a party to a foreclosure suit in order for the plaintiff to recover a deficiency judgment, found from the undisputed facts contained in the affidavit submitted by the respective parties that the alleged tenants were caretakers and that they were therefore not necessary parties to the foreclosure suit. It was not denied that the premises were vacant at the time of the sheriff's sale, February 5th, 1937, and that at the sale the solicitor of complainant announced that said premises were vacant and that there were no outstanding leases or agreements against the same and that possession would be delivered at the time of settlement with the sheriff. See *Harvster Building and Loan Association* v. *Elbaum*, 119 *Id.* 437; 196 *Atl. Rep.* 709.

We think the trial court properly struck the second defense.

The third defense alleged that the sum of $3,200, the price at which the mortgaged property was sold to plaintiff, was not a fair market value but that it was worth $7,500. This the trial court found was not supported by the proofs. With this we concur.

The fourth defense alleged that the bond (which was a joint and several one), executed February 8th, 1932, by the defendants, together with Harry B. Galbraith (who was not made a party to the suit), was given as a guarantee for the payment of the mortgage made by one Mary F. Hagans alone, March 16th, 1926, and that no proceedings were entered against her to establish the deficiency thereon and that by reason thereof plaintiff had failed to exhaust her remedy against the principal, Mary F. Hagans.

The proofs clearly showed that Mary F. Hagans was made a party to the foreclosure suit and that judgment had been entered against her in the New Jersey Supreme Court, and execution issued thereon and returned unsatisfied.

We think the court properly struck out this defense.

The fifth defense alleged that on December 15th, 1936, the plaintiff recovered a judgment on the bond in question against the defendants. The affidavit on the part of the plaintiff, which is not denied by the defendants, shows that while such judgment was entered it was subsequently set aside.

This defense was therefore properly stricken.

The sixth defense alleged usury. This was not properly pleaded and since no affidavit was presented in support of usury and it clearly appeared by plaintiff's affidavits that there was no usury, the trial court refused to allow defendants to file an amended answer in which usury could be properly pleaded.

We think this defense was properly stricken.

The trial court, however, did allow the defendants to file an amended answer alleging that there was a lack or failure of necessary parties defendant for the reason that the plaintiff had not included as parties defendant the heirs-at-law and next of kin of Harry B. Galbraith, who jointly and severally made the bond with the defendants.

The affidavits presented by the plaintiff on this motion disclosed that Harry B. Galbraith died intestate on November 26th, 1932, leaving him surviving as his only next of kin and heir-at-law Ella Galbraith Lyman. a daughter; that

the said Harry B. Galbraith never had any interest in the mortgaged premises; that the said Ella Galbraith Lyman and her husband were made parties defendant to the foreclosure suit on the mortgage that accompanied the bond.

It was argued on behalf of the defendants that failure to include the heirs of Harry B. Galbraith in the notice of intention to bring suit and as parties defendant in the suit on the bond was fatal and that the plaintiff cannot therefore recover a judgment for the deficiency against Joseph P. McCleary and James J. Hagans, the other two obligors on the bond.

In support of this argument there were cited *Reinhardt* v. *Calhoun*, 9 *N. J. Mis. R.* 914; *affirmed,* 109 *N. J. L.* 580, and *Pilgrim Building and Loan Association* v. *McGuinness*, 117 *N. J. Eq.* 438.

The trial court properly distinguished these cases from the instant case and refused to construe the provisions of chapter 231, *Pamph. L.* 1932, *p.* 509, to mean that the obligee upon a joint and several bond, such as the one in question, may not omit from the persons against whom he desires to recover judgment, any one or more of the parties thereto or the heirs or devisees of such parties. The proofs clearly showed that the decedent was insolvent and as the trial court aptly said, "no purpose could possibly be attained by making his heirs or devisees parties to the suit on the bond. Even though they had been made parties and a judgment entered against them, the amount due upon the deficincy on the bond could have been recovered in its entirety from one or more of the obligors."

We think the court properly struck out the amended answer.

The defendants further argue that the trial court was guilty of an abuse of judicial discretion in allowing the plaintiff to file an amended or supplemental affidavit and at the same time, refusing the defendants the right to file an amended affidavit in reply thereto.

We find no abuse of discretion on the part of the trial court in this. The plaintiff was allowed to correct an obvious error or mistake in one of the exhibits attached to the original

notice and affidavits, whereas the defendants were refused permission to file an additional or supplemental affidavit for the reason that all the facts set forth in the supplemental affidavit were facts which were known to the defendants when they filed their original affidavits, and the court had already rendered its opinion covering the issues involved. No new matter was disclosed in the proposed supplemental affidavit and it was in no respect a reply to the amended affidavit which the court permitted the plaintiff to file.

We think that the action of the trial court was a proper exercise of its discretion.

We have examined all other points raised by the defendants in their grounds of appeal and argued on their brief and find no merit in any of them.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.